**CARLSON LYNCH, LLP**
Todd D. Carpenter (CA Bar #234464)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel:   619-762-1910
Fax:   619-756-6991
tcarpenter@carlsonlynch.com

*Counsel for Plaintiff and the Putative Class*

[Additional counsel listed on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JAQUELYN KLEINER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL MEDIA ACADEMY CORP. d/b/a DIGITAL MEDIA ACADEMY LP,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jaquelyn Kleiner, individually and on behalf of all others similarly situated, by and through counsel, brings this action against Defendant Digital Media Academy Corp. d/b/a Digital Media Academy LP ("DMA"). Plaintiff's allegations herein are based upon personal knowledge and belief as to her own acts, upon the investigation of her counsel, and upon information and belief as to all other matters.

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself and a class of similarly situated persons who paid tuition and fees for their children to attend day and overnight camps owned and operated by DMA during the summer of 2020.

2. Due to the COVID-19 pandemic, however, DMA notified parents during approximately April and May 2020, on a rolling basis depending on individual camp locations, that it would not be offering its summer camps at most of its 11 locations in 2020.

3.      After learning of the cancellation, Plaintiff and other similarly situated purchasers contacted DMA for refunds.

4.      DMA, however, notified purchasers that that they would not receive refunds for tuition and fees paid for its cancelled summer camps during 2020.

5.      Instead of providing refunds, DMA announced that it would only issue credits to attend another DMA camp in 2021, irrespective of whether members of the class are able to attend a DMA camp during 2021.

6.      Accordingly, Plaintiff and the Class bring this action for conversion and unjust enrichment in order to recover their tuition and fee payments for DMA camps during 2020.

## PARTIES

### Plaintiff Jaquelyn Kleiner

7.      Plaintiff Jaquelyn Kleiner is a resident of Fircrest, Washington.

8.      On or about February 22, 2020, Plaintiff Kleiner paid DMA approximately $1,444 for her daughter to attend one week of DMA summer camp at the University of Washington from August 3 through August 7, 2020.

9.      At the time that Plaintiff Kleiner paid DMA her daughter's summer camp tuition, registration forms were not yet available so she did not receive terms and conditions for her purchase.

10.     On or about May 28, 2020, Plaintiff Kleiner received an email from DMA indicating that her daughter's camp would be cancelled for 2020, that she would not receive a refund for the amount she had paid, but that her entire payment would instead be credited toward "postponed" camp in 2021.

11.     Also as a result of the cancellation, DMA has offered Plaintiff Kleiner's daughter access to online courses.

12.     However, Plaintiff Kleiner's daughter is unable to participate in online courses due to a disability for which she has both an Individualized Educational Plan and a Plan under Section 504 of the Rehabilitation Act of 1973.

13.     Further, Plaintiff Kleiner does not know at this time whether she plans to send her daughter to a DMA camp in 2021.

14. On or about May 28, 2020, Plaintiff Kleiner contacted DMA by email and asked for a full refund of her DMA camp payment, but DMA denied Plaintiff Kleiner's request for a refund.

15. As of the filing of this Complaint, Plaintiff Kleiner has not received a refund for her DMA camp tuition and fee payment.

**Defendant**

16. Digital Media Academy Corp. is a privately-held California corporation with its principal place of business located in Palo Alto, California.

17. DMA is a for-profit corporation that offers education and training programs and camps, activities, events, applications, software, materials, and related products and services.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs; there are more than 100 putative class members defined below; and there are numerous members of the proposed class, including Plaintiff, who are citizens of a state different from DMA.

19. This Court has personal jurisdiction over DMA because it is formed under the laws of the State of California, its corporate headquarters are located in this District, it conducts substantial business in the District, and because a substantial part of the acts and omissions complained of occurred in the District.

20. Venue as to DMA is proper in this judicial district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District. DMA has its principal place of business in this District, it is authorized to conduct business in this District, has intentionally availed itself of the laws and markets within this District, does substantial business in this District, and is subject to personal jurisdiction in this District.

/ / /

/ / /

# FACTUAL ALLEGATIONS.

### DMA's Summer Camps

21. DMA touts its summer camps as "the best place for students to get their start as designers, developers, programmers, engineers, animators, musicians, filmmakers, and creators."[1]

22. During 2020, DMA offered the ability to choose day camps located at 11 different colleges and universities spread across California, Illinois, Massachusetts, New York, North Carolina, Texas, Washington, and Washington, D.C., as well as two Canadian provinces.

23. Depending on the duration and location selected as well as individual options and courses, tuition for the camps began at approximately $1,000 per week per child.

### Summer 2020 Camp Cancellation

24. In approximately April and May 2020, as the impact of the COVID-19 pandemic was recognized, DMA notified parents, on a rolling basis depending on individual camp locations, that it would not be offering its summer camps at most of its 11 locations in 2020.

25. Plaintiff and other Class members have contacted DMA for refunds, but DMA has denied their requests.

26. Instead, on May 1, 2020, DMA posted on its website that: "Despite the fact that terms and conditions state that in case of acts of god or a health pandemic there will be no refund we have decided to provide full credit for summer 2021 for the entirety of a customer's 2020 purchase."[2]

27. As of June 25, 2020, however, DMA has continued to make one of its Canadian camps available along with refunds in the event of cancellation, informing parents that: "We are providing peace of mind for you and your family so that if you purchase Tech Camp on or after June 1, 2020, and DMA or UBC cancels the camp due to COVID-19 you will receive a 100% refund."[3]

28. Plaintiff and the Class members, however, seek full refunds of tuition and fees paid to DMA for camps it has not, or will not, hold.

---

[1] https://www.digitalmediaacademy.org/ (last visited June 8, 2020).
[2] https://www.digitalmediaacademy.org/terms-and-conditions/ (last visited June 8, 2020).
[3] https://www.digitalmediaacademy.org/canada-tech-camps/university-of-british-columbia/ (last visited June 25, 2020).

*DMA Camp Terms and Conditions*

29. Upon information and belief, on or about August 13, 2018, DMA published, *inter alia,* the following terms and conditions on its website to which parents were required to agree:

> If DMA cancels a Program, Participants may be enrolled in another Program. If one is not available at the same Program location at a time that is convenient for Participant, a refund will be issued for all monies paid to DMA for the cancelled Program.[4]

30. On or about June 15, 2020, DMA changed its terms and conditions to include, *inter alia,* the following:

> Digital Media Academy may be forced to cancel classes due to an Act of God and in this case, it is not liable for any loss as a result of canceled classes. Digital Media Academy does not refund students for canceled classes due to Acts of God. Acts of God include but is not limited to earthquake, flood, war, government action, labor strike, severe weather conditions, flu pandemic, government legislation, civil disorder, terrorist acts or other acts of god.[5]

31. The terms and conditions in effect at the time of Plaintiff's and the Class Member's purchases obligates DMA to provide refunds for all monies paid to DMA. DMA's failure to do so constitutes a breach of its contract with Plaintiff and the Class Members.

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and on behalf of a nationwide class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3), defined as follows:

**Nationwide Class**

All persons who paid tuition to DMA for its camps in 2020.

33. In the alternative, Plaintiff brings this class action on behalf of the following State Class:

**Washington Class**

All Washington residents who paid tuition to DMA for its camps in 2020.

34. Together, the National Class and the Washington Class shall be collectively referred to herein as the "Class."

35. Excluded from the Class are: (a) Defendant; (b) Defendant's affiliates, agents, employees, officers and directors; and (c) the judge assigned to this matter, the judge's staff, and any

---

[4] https://web.archive.org/web/20180813100342/https://www.digitalmediaacademy.org/terms-and-conditions/ (last visited June 26, 2020).

[5] https://www.digitalmediaacademy.org/terms-and-conditions/ (last visited June 26, 2020).

member of the judge's immediate family. Plaintiff reserves the right to modify, change, or expand the various class definitions set forth above based on discovery and further investigation

36. **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all members is impracticable. While the exact number and identity of individual members of the Class are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that the Class consists of hundreds or thousands of people. The precise number of Class members can be determined based on DMA's records.

37. **Commonality:** Common questions of law and fact exist as to all members of each Class. These questions predominate over questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

   a. Whether DMA should be required to provide refunds for 2020 camp tuition and fees;

   b. Whether the contract between DMA and Plaintiff and the Class was breached by DMA's decision to cancel its camps and failure to issue refunds; and

   c. Whether DMA was unjustly enriched by its conduct.

38. **Typicality**: Plaintiff has the same interest in this matter as all Class members, and Plaintiff's claims arise out of the same set of facts and conduct as the claims of all Class members. Plaintiff's and Class members' claims all arise out of DMA's uniform conduct and statements.

39. **Adequacy:** Plaintiff has no interest that conflicts with the interests of the Class, and is committed to pursuing this action vigorously. Plaintiff has retained counsel competent and experienced in complex consumer class action litigation. Accordingly, Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

40. **Superiority:** A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small compared to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by DMA's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation

increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of this case. Individualized rulings and judgments could result in inconsistent relief for similarly-situated individuals. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VIOLATIONS ALLEGED

### COUNT I

### CONVERSION

**(On Behalf of the Nationwide Class or, in the alternative, the Washington Class)**

41.   Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

42.   Plaintiff and the Class are entitled to a refund of monies paid in exchange for 2020 DMA camp tuition and fees because the DMA camps have been cancelled.

43.   Plaintiff and the Class have demanded that DMA return their property.

44.   DMA has refused to issue refunds to Plaintiff and the Class, and thus has, unlawfully and without authorization, assumed and exercised dominion and control over that property to the exclusion of, or inconsistent with, the rights of Plaintiff and the Class.

45.   DMA's conversion has damaged Plaintiff and the Class in the amount that they paid for 2020 DMA camp tuition and fees.

46.   Plaintiff and the Class are entitled to recover the amount each paid to DMA for their 2020 DMA camp tuition and fees, as well as attorneys' fees, costs and interest.

### COUNT II

### BREACH OF CONTRACT

**(On Behalf of the Nationwide Class or, in the alternative, the Washington Class)**

47.   Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

48. A contract existed between Defendant and each class member which obligated Defendant to provide an in-person summer camp experience to the Plaintiff's and Class members' children in 2020.

49. In exchange for Defendant's obligation to provide an in-person summer camp experience, Plaintiff and Class members paid the amounts demanded by Defendant.

50. Upon information and belief, the contract in effect at the time that Plaintiffs and Class members paid tuition and fees to DMA provided that "[i]f DMA cancels a Program, Participants may be enrolled in another Program. If one is not available at the same Program location at a time that is convenient for Participant, a refund will be issued for all monies paid to DMA for the cancelled Program."

51. By canceling its summer camps without issuing refunds to Plaintiff and Class members, Defendant has breached the contract between itself and Plaintiff and each Class member who have all suffered damages as a result of that breach.

## COUNT III

### ALTERNATIVE EQUITABLE CLAIM FOR UNJUST ENRICHMENT

**(On Behalf of the Nationwide Class or, in the alternative, the Washington Class)**

52. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs as if fully set forth herein.

53. Plaintiff and the Class conferred a direct benefit on DMA by paying tuition and fees for DMA camps that were scheduled for 2020.

54. DMA knowingly and willingly accepted and enjoyed the benefits conferred on it by Plaintiff and the Class.

55. DMA voluntarily accepted and retained these benefits, with full knowledge and awareness that, as a result of DMA's conduct, Plaintiff and the Class would not, and did not, receive the benefit of their bargain that had been represented by DMA and that reasonable consumers would expect.

56. DMA's retention of these benefits is unjust and inequitable.

57. As a direct and proximate result of DMA's unjust enrichment, Plaintiff and the Class are entitled to recover the amount each paid to DMA for their children's camp tuition and fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class(es) as defined above;

B. Appoint Plaintiff as the representative of the Class and her counsel as Class Counsel;

C. Award actual damages and equitable monetary relief to Plaintiff and the Class and/or order DMA to return to Plaintiff and the Class the amount each paid to DMA;

D. Award pre-judgment and post-judgment interest on such monetary relief;

E. Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires DMA to issue refunds to any member of the class who requests a refund;

F. Award reasonable attorneys' fees and costs; and

G. Grant such further relief that this Court deems appropriate.

### JURY DEMAND

Plaintiff, on behalf of herself and the putative Class, demands a trial by jury on all issues so triable.

Dated: July 9, 2020                **CARLSON LYNCH LLP**

By: */s/Todd D. Carpenter*
Todd D. Carpenter (CA Bar #234464)
1350 Columbia St., Ste. 603
San Diego, CA 92101
Tel.:   619-762-1900
Fax:   619-756-6991
tcarpenter@carlsonlynch.com

Katrina Carroll (*pro hac vice* forthcoming)
**CARLSON LYNCH, LLP**
111 W. Washington St., Ste. 1240
Chicago, Illinois 60602
Telephone: (312) 750-1265
kcarroll@carlsonlynch.com

Joseph G. Sauder
**SAUDER SCHELKOPF LLC**
1109 Lancaster Ave.
Berwyn, PA 19312
Tel.:   (888)-711-9975
Fax:   (610) 421-1326
jgs@sstriallawyers.com

***Attorneys for the Plaintiff and the Putative Class***

CLASS ACTION COMPLAINT